UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ALSEM CONSTRUCTION, LLC, AS OWNER OF THE DECK BARGE 7137UF, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 2:23-cv-00287<br><br>SECTION T (3) |

**ORDER and REASONS**

Before the Court is Motion for Summary Judgment (R. Doc. 47) filed by Limitation Claimants William Gegenheimer, Steven Lewellen, Deborah Lewellen, Richard Cordes, Gilda Cordes, Richard Puglise, Sr., and Jo Ann Puglise (collectively, the "Gegenheimer Claimants"), Jason Schilling, Mikel Crossen, Lisa Crossen, Jason Schell, and Susan Cox Bourgeois, individually and on behalf of similarly situated individuals, (collectively, the "Schilling Claimants"), and the Louisiana Department of Transportation and Development (the "DOTD") (and collectively with the Gegenheimer Claimants and the Schilling Claimants, "Claimants"). The Motion seeks dismissal of the Limitation Action filed by Alsem Construction, LLC, as owner of the Deck Barge 7137UF, on the basis that the Limitation Action was not timely filed under 46 U.S.C. § 30529(a). R. Doc. 47. For the reasons set forth below, the Court will deny the Motion for Summary Judgment.

**BACKGROUND**

This action arises out of an allision of three vessels with the Leo Kerner Bridge, a swing

bridge connecting Jean Lafitte to Barataria in Jefferson Parish, on August 29, 2021, following landfall of Hurricane Ida. One of the alliding vessels was the Deck Barge 7137UF, which is owned and operated by the Limitation Petitioner, Alsem Construction, LLC. As a result of the allision, the bridge sustained severe damage, rendering it unserviceable and making overland passage impossible. On September 8, 2021, the Louisiana National Guard constructed an emergency temporary floating bridge to allow access to Barataria while crews removed the damaged bridge. The DOTD subsequently entered into a $4 million contract to construct a temporary bridge. That temporary bridge, however, does not accommodate marine traffic. Construction of a permanent replacement for the swing bridge commenced in Spring of 2023.

On November 22, 2021, counsel for the DOTD sent a letter to the registered agent and officer for Alsem Construction, Douglas Alsem, notifying Limitation Petitioner of the DOTD's intent to hold it liable for the damage to the Leo Kerner Bridge caused by the Deck Barge. *See* R. Docs. 47-4 and 47-5. The letter provided, in relevant part:

> As you know, several vessels that broke loose from Tom's Marine & Salvage yard during Hurricane Ida struck the Leo Kerner Swing Bridge, causing significant damage to the bridge, rendering it inoperable and forcing its closure to vehicular traffic. We understand that at least one of these vessels, a barge, was owned by you/your company.
>
> The purpose of this letter is to notify you that the Louisiana Department of Transportation and Development holds you and your company responsible for the damage sustained by the bridge as a result of the incident, and for all the costs incurred by the Department in responding to this casualty, including providing ferry services for passengers, construction of a temporary bridge, temporary and permanent repairs, and all incidental costs and expenses regarding this matter.

> We respectfully request that you promptly notify and forward this letter to your insurance agents and carriers, and that you request that they promptly contact the undersigned at (504) 524-5353.

Claimants contend this letter provided unambiguous notice to the Limitation Petitioner that, as a result of the Deck Barge's allision with the Leo Kerner Bridge on August 29, 2021, the DOTD was making a claim against it for all related damages sustained and to be incurred. R. Doc. 47-1, p. 3.

On July 18, 2022, the DOTD filed suit against Tom's Marine & Salvage, LLC, Alsem Construction, and Triple T. Marine, LLC, seeking damages arising from the August 29, 2021 allisions. R. Doc. 47-1, p. 3. Alsem Construction was subsequently named as a defendant in two additional actions filed on August 29, 2022, by the Gegenheimer and Schilling Claimants who likewise seek damages resulting from the August 29, 2021 allisions. R. Doc. 47-1, p. 4. Alsem Construction filed an answer to each suit.

Alsem Construction later filed its Limitation Complaint in this Court on January 20, 2023. R. Doc. 1. In the Complaint, Alsem Construction seeks to be exonerated from liability for the allision or limit its liability to the value of the Deck Barge pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 *et seq.* Alsem Construction asserts that the value of the Deck Barge is $10,000 and requests the Court transfer its interest to a trustee.

This Court issued an Order staying and restraining all actions against Alsem Construction or the Deck Barge arising from the allision and set a monition date of July 24, 2023. R. Docs. 3 and 6. The Gegenheimer Claimants, the Schilling Claimants, and the DOTD all timely filed their

Answer and Claims in response to the Limitation Petitioner's Limitation Complaint on or before the monition deadline. R. Docs. 7, 8, and 9.

In the present Motion, Claimants assert the Limitation Petitioner's Limitation Complaint filed on January 20, 2023, was untimely because it was not filed within the six-month period prescribed by 46 U.S.C. § 30529(a) and Supplemental Admiralty Rule F(1). They specifically contend that Alsem Construction had notice of the possible claims against it as early as November 22, 2021, when the DOTD sent its demand letter to Alsem Construction's registered agent and officer. Accordingly, Claimants assert the filing of the Limitation Complaint on January 20, 2023, was well beyond the time limitation for the filing of the action.

Alsem Construction did not file a timely response to the Motion for Summary Judgment. R. Doc. 74. In its belated filing, with permission of the Court, Alsem Construction does not dispute the facts as set forth above, except to the extent that it claims it never received the letter from the DOTD. Thus, Alsem Construction, as the Limitation Petitioner, asserts that, although the letter was allegedly mailed via the United States Postal Service, there is a genuine issue of material fact as to whether it was received. R. Doc. 74, p. 1. Alsem Construction contends it did not have notice of the claims against it until July 20, 2022, when it was served with the suit against it by the DOTD. R. Doc. 74, p. 2. In support of its argument, Alsem Construction attaches a Declaration from Douglas Alsem, the registered agent and officer of the Limitation Petitioner. R. Doc. 74-2.

**LAW AND ANALYSIS**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

4

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir.2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court "construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). However, "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

Pursuant to 46 U.S.C. § 30529(a) and Supplemental Admiralty Rule F(1) to the Federal Rules of Civil Procedure, an action by a vessel owner under the Limitation of Liability Act must be filed within six months from the date that the vessel owner received written notice of a claim against it. *See* 46 U.S.C. § 30529(a) ("The action must be brought within 6 months after a claimant gives the owner written notice of a claim."); Fed. R. Civ. Proc. Supp. Adm. Rule F(1) ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint . . . for limitation of liability pursuant to statute."). The Fifth Circuit has held that a communication qualifies as written notice sufficient to trigger the six-month period under 46 U.S.C. § 30529(a) if

it (1) communicates the reasonable possibility of a claim, and (2) communicates the reasonable possibility of damages in excess of the vessel's value." *See In re The Complaint of RLB Contracting*, 773 F.3d 596, 603 (5th Cir. 2014) (emphasis removed) (reversed on other grounds). Once a reasonable possibility has been raised, it becomes the vessel owner's responsibility to initiate a prompt investigation and determine whether to file a limitation action, and any uncertainty as the value of the claim is viewed in favor of the claimant. *See In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 318 (5th Cir. 2012) (reversed on other grounds); *RLB Contracting*, 773 F.3d at 603.

Summary judgment in the instant case turns not on whether the letter was sufficient to put the owner of the Deck Barge on notice but whether the letter was received at all.[1] Claimants cite the so-called mailbox rule. *See* R. Doc. 67, p. 3 n.2 ("The letter, which was appropriately addressed and placed in the U.S. mail, is presumed received. *See Hagnar v. United States*, 285 U.S. 427, 430 (1932)"). However, despite being given the opportunity to do so, *see* R. Doc. 73, they have not responded to the Limitation Petitioner's assertion that Mr. Alsem's declaration in which he states he never received the letter defeats summary judgment by creating a genuine issue of material fact. The presumption of receipt derives from the longstanding common law "mailbox rule." Under the mailbox rule, if a letter "properly directed is proved to have been either put into the post-office or

---

[1] The Fifth Circuit has held that a written communication may serve as notice under the Limitation of Liability Act in lieu of a filed complaint. *See In re The Complaint of RLB Contracting*, 773 F.3d at 603-04 (reversed on other grounds); *see also In re Prosper Operators, Inc.*, 2017 WL 3495761, *3 (W.D. La. August 14, 2017).

delivered to the postman, it is presumed ... that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884). "[A] sworn statement is credible evidence of mailing for the purposes of the mailbox rule." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007). Further, the Fifth Circuit has recognized that "[p]lacing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business." *Id.* (citing *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983)).

      Here, the Declaration of Susan A. Randazzo, R. Doc. 47-4, is certainly sufficient to raise the presumption that the letter was correctly addressed, sufficiently stamped, and properly placed in the custody of the United States Postal Service in New Orleans.[2] Thus, under the mailbox rule, the Court may presume that the intended recipient, Mr. Alsem, received the letter. However, Mr. Alsem states in his declaration that he never received the letter and, thus, he avers that he was not put on notice that a claim would be made against the owner of the Deck Barge until he was served with the lawsuit. The mailbox rule "is not a conclusive presumption of law." *Rosenthal*, 111 U.S. at 193–94, 4 S.Ct. 382 (citations omitted). Rather, it is a rebuttable "inference of fact founded on the probability that the officers of the government will do their duty and the usual course of business." *Id.* (noting that when the presumption of mailing is "opposed by evidence that the letters never were received," it must be weighed "by the jury in determining the question whether the

---

[2] The strength of that presumption is on the weaker side, given that the letter was not sent by certified mail. *See Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314, 319-20 (3rd Cir. 2014).

letters were actually received or not."). Because the Court must refrain from making a credibility determination at the summary judgment stage, it must accept Mr. Alsem's statement as true. There is no direct or circumstantial evidence that would direct the court to do otherwise.

The ultimate question is whether the Limitation Petitioner was put on notice of a reasonable possibility of the claims against it, not simply whether a letter from a claimant was mailed. While the Limitation Petitioner bears the burden of demonstrating that it did not receive sufficient notice until the filing of the lawsuit, Claimants, as the parties moving for summary judgment, bear the burden of demonstrating there is no genuine issue of material fact. *See Harvill v. Westward Commc'ns., L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005) ("The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute."). Where there are competing assertions that the letter was mailed and that the letter was not received, "the issue of mailing should not be decided at summary judgment." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (citing 9 Wigmore on Evidence § 2519 at 567 (Chadbourn rev.1981) (self-interested testimony of mailing and self-interested testimony of non-receipt should go to a jury). Because there is a genuine issue of material fact as whether the Limitation Petitioner was placed on notice of the possible claims against it in November of 2021, the Court declines to grant summary judgment in favor of the Claimants.

Accordingly,

**IT IS ORDERED** that Claimant's Motion for Summary Judgment (R. Doc. 47) is DENIED.

New Orleans, Louisiana, this 24th day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE